**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4611**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

        v.

DANA ROSS,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:05-cr-00009-JPJ-PMS-1)

Submitted:  March 13, 2018                              Decided:  March 15, 2018

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Roanoke, Virginia, Nancy C. Dickenson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant.  Rick A. Mountcastle, United States Attorney, Roanoke, Virginia, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dana Ross appeals the district court's judgment revoking his supervised release and sentencing him to 18 months' imprisonment. On appeal, Ross argues that this sentence is procedurally unreasonable and violates due process because the district court relied on unproven or false factual assumptions. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "In determining whether a [revocation] sentence is plainly unreasonable, we first decide whether the sentence is unreasonable . . . follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006). A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter Seven advisory policy statement range and the 18 U.S.C. § 3553(a) factors it is permitted to consider in a supervised release revocation case, and explains the sentence adequately. *See* 18 U.S.C. § 3583(e) (2012); *United States v. Thompson*, 595 F.3d 544, 546-47 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *See Crudup*, 461 F.3d at 440. Only if a sentence is found unreasonable will we assess whether it is plainly unreasonable. *Id.* at 439. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. *Id.*

The district court revoked Ross' supervised release after Ross admitted that he had been arrested for driving while intoxicated. The court had revoked Ross' supervised release for driving while intoxicated twice previously, and had imposed revocation sentences of 10 days served on weekends, and three months, respectively. Ross argues that the district court wrongly assumed that Ross had driven while intoxicated on additional occasions for which he had not been held accountable, and that the court varied upward from the advisory policy statement range of 6 to 12 months to impose an 18-month sentence in order to punish these actions. The record does not reflect that the district court relied on any unfounded assumptions or speculations in sentencing Ross to 18 months' imprisonment. Rather, the court considered the advisory policy statement range and applicable 18 U.S.C. § 3553(a) factors and explained that because the court's previous, below-policy-range sentences had clearly not persuaded Ross to stop drinking and driving, an upward variance was necessary to provide adequate deterrence and protect the public. Because the district court adequately explained the sentence, the sentence is procedurally reasonable, and we need not determine if it was plainly unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3